**Click here to Respond to Selected Documents**

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ⌄

**01/02/2025**

    **Jury Trial Scheduled**

        **Scheduled For:** 06/30/2025; 9:00 AM; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis

**12/12/2024**

    **Entry of Appearance Filed**

    Entry of Appearance; Electronic Filing Certificate of Service.

        **Filed By:** CLAIRE LILLIAN HUGHES

        **On Behalf Of:** CHASITY RODGERS

**12/10/2024**

    **Summons Issued-Circuit**

    Document ID: 24-SMCC-16636, for PUGAL, JOSEPH.

    **Summons Issued-Circuit**

    Document ID: 24-SMCC-16635, for COUGHRAN, DAVID.

    **Summons Issued-Circuit**

    Document ID: 24-SMCC-16634, for ST LOUIS COMMUNITY COLLEGE.

    **Filing Info Sheet eFiling**

        **Filed By:** STEVEN JAMES HUGHES

    **Entry of Appearance Filed**

    Entry of Appearance.

        **Filed By:** STEVEN JAMES HUGHES

        **On Behalf Of:** CHASITY RODGERS

    **Pet Filed in Circuit Ct**

    Petition; Exhibit A; Exhibit B.

        **Filed By:** STEVEN JAMES HUGHES

        **On Behalf Of:** CHASITY RODGERS

Electronically Filed - CITY OF ST. LOUIS - December 12, 2024 - 09:45 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

CHASITY RODGERS,                        )
                                        )
         Plaintiff,                     )
                                        )
vs.                                     )        Cause No.  2422-CC11697
                                        )
ST. LOUIS COMMUNITY COLLEGE,            )        Division
DAVID COUGHRAN, and JOSEPH              )
PUGAL                                   )
                                        )
         Defendants.                    )

## *ENTRY OF APPEARANCE*

COME NOW Claire L. Hughes and Hughes Lawyers, LLC, and enter their appearance on

behalf of Plaintiff.

<div align="right">

/s/ Claire L. Hughes
Steven J. Hughes   ##38968
Claire L. Hughes   #75613
Attorneys for Defendant
HUGHES LAWYERS, LLC
PO Box 3718
Ballwin, Missouri 63022-3718
(314) 328-5770
Email:  steve@hugheslawyersllc.com
Email: claire@hugheslawyersllc.com

</div>



# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2422-CC11697 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CHASITY RODGERS<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>STEVEN JAMES HUGHES<br>PO BOX 3718<br>BALLWIN, MO 63022 | |
| Defendant/Respondent:<br>ST LOUIS COMMUNITY COLLEGE | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

| The State of Missouri to:   DAVID COUGHRAN<br>                           Alias:<br>ST LOUIS COMMUNITY COLLEGE<br>FOREST PARK CAMPUS<br>5600 OAKLAND AVE<br>ST. LOUIS, MO 63110 | SHERIFF'S FEE PAID |
|---|---|

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

December 10, 2024
Date

Thomas Kloeppinger
Clerk

**Further Information:**

Case Number: 2422-CC11697

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____,

a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____        _____
Printed Name of Officer or Server                  Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____
                                              Date                      Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2422-CC11697 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CHASITY RODGERS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>STEVEN JAMES HUGHES<br>PO BOX 3718<br>BALLWIN, MO 63022 | |
| Defendant/Respondent:<br>ST LOUIS COMMUNITY COLLEGE | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File<br>Stamp for<br>Return) |

| The State of Missouri to: JOSEPH PUGAL | |
|---|---|
| Alias: | |
| ST LOUIS COMMUNITY COLLEGE<br>FOREST PARK CAMPUS<br>5600 OAKLAND AVE<br>ST. LOUIS, MO 63110 | SHERIFF'S FEE PAID |

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

December 10, 2024
Date

_Thomas Kloeppinger_
Clerk

**Further Information:**

Case Number: 2422-CC11697

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____,

a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*        My commission expires: _____   _____
                                        Date                    Notary Public

**Service Fees (if applicable)**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $\_\_\_10.00\_\_\_\_ | |
| Mileage | $_____ (_____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

2422-CC11697

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| CHASITY RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| ST. LOUIS COMMUNITY COLLEGE, | ) | Division |
| | ) | |
| Serve: Lucy A. Singer | ) | |
| Registered Agent | ) | |
| 3221 McKelvey Road | ) | |
| Bridgeton, MO 63044 | ) | |
| | ) | |
| DAVID COUGHRAN, | ) | |
| | ) | |
| Serve: St. Louis Community | ) | |
| College, Forest Park | ) | |
| Campus | ) | |
| 5600 Oakland Ave. | ) | |
| St. Louis, MO 63110 | ) | |
| | ) | |
| and JOSEPH PUGAL | ) | |
| | ) | |
| Serve: St. Louis Community | ) | |
| College, Forest Park | ) | |
| Campus | ) | |
| 5600 Oakland Ave. | ) | |
| St. Louis, MO 63110 | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COME NOW Steven J. Hughes and Hughes Lawyers, LLC, and enter their

appearance on behalf of Plaintiff.

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

Respectfully submitted,

/s/ Steven J. Hughes
Steven J. Hughes   ##38968
Claire L. Hughes   #75613
Attorneys for Defendant
HUGHES LAWYERS, LLC
PO Box 3718
Ballwin, Missouri 63022-3718
(314) 328-5770
Email:  steve@hugheslawyersllc.com
Email: claire@hugheslawyersllc.com



# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2422-CC11697 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CHASITY RODGERS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>STEVEN JAMES HUGHES<br>PO BOX 3718<br>BALLWIN, MO 63022 | |
| Defendant/Respondent:<br>ST LOUIS COMMUNITY COLLEGE | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

| The State of Missouri to:   ST LOUIS COMMUNITY COLLEGE<br>                           Alias: | |
|---|---|
| LUCY A SINGER, RAGT<br>3221 MCKELVEY ROAD<br>BRIDGETON, MO 63044 | SHERIFF'S FEE PAID |

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**CITY OF ST LOUIS**

December 10, 2024
Date

*Thomas Kloeppin*
Clerk

**Further Information:**

Case Number: 2422-CC11697

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____,

a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____       _____
Printed Name of Officer or Server                  Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*        My commission expires: _____   _____
                                                            Date                    Notary Public

**Service Fees (if applicable)**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**2422-CC11697**

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| CHASITY RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| ST. LOUIS COMMUNITY COLLEGE, | ) | Division |
| | ) | |
| Serve: Lucy A. Singer | ) | |
| Registered Agent | ) | |
| 3221 McKelvey Road | ) | |
| Bridgeton, MO 63044 | ) | |
| | ) | |
| DAVID COUGHRAN, | ) | |
| | ) | |
| Serve: St. Louis Community | ) | |
| College, Forest Park | ) | |
| Campus | ) | |
| 5600 Oakland Ave. | ) | |
| St. Louis, MO 63110 | ) | |
| | ) | |
| and JOSEPH PUGAL | ) | |
| | ) | |
| Serve: St. Louis Community | ) | |
| College, Forest Park | ) | |
| Campus | ) | |
| 5600 Oakland Ave. | ) | |
| St. Louis, MO 63110 | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION**

***Introduction***

COMES NOW, Plaintiff, CHASITY RODGERS, by and through the undersigned

counsel, and for her Petition for unlawful discrimination on the basis of disability

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

accommodations against Defendants ST. LOUIS COMMUNITY COLLEGE, DAVID

COUGHRAN, AND JOSEPH PUGAL, states as follows:

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

### Parties

1.  Plaintiff, Chasity Rodgers ("Rodgers"), was and is at all times relevant, a resident domiciled in Belleville, Illinois.

2.  Defendant, St. Louis Community College ("STLCC" and/or the "College"), is an educational institution incorporated in the state of Missouri with its principal place of business located at 5600 Oakland Ave., St. Louis, MO 63110.

3.  Defendant, David Coughran, is a resident of the City of St. Louis, Missouri.

4.  Defendant, Joseph Pugal, is a resident of Illinois.

5.  Defendants David Coughran and Joseph Pugal are professors and/or instructors at the College and are responsible for lecturing and teaching classes in the Funeral Service Education Program, classes which Plaintiff enrolled in at the College.

### Jurisdiction and Venue

6.  This court has jurisdiction of this action pursuant to Sections 527.010 et seq., RSMo (Declaratory Judgment Act) and Article V, Section 14 of the Missouri Constitution.

7.  Venue is proper pursuant to Section 508.010 RSMo because one or more of the Defendants are located and doing business in St. Louis City, Missouri and the acts complained of occurred in St. Louis City.

### Facts Applicable to All Counts

8.  Plaintiff Rodgers was a student at the Defendant College from 2022-2024.

9.  Plaintiff was enrolled in classes at all times relevant herein related to the funeral and mortuary science industry.

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

10.    Plaintiff paid tuition to Defendant STLCC at all times relevant herein in order to enroll in and attend these classes.

11.    Plaintiff sought and was granted academic accommodation by STLCC related to her documented medical diagnoses of anxiety, panic attacks, major depression and ADHD.

12.    Under the MHRA, a disability is defined as a physical or mental impairment that substantially limits one or more major life activities. This also includes being regarded as having such an impairment or having a record of such an impairment.

13.    Plaintiff at all times relevant herein was and is legally disabled as defined under Federal law, Missouri state law and relevant case law.

14.    Defendant David Coughran, at all times relevant herein, was/is an employee of Defendant STLCC. Alternatively, Defendant David Coughran was an agent of Defendant STLCC, acting within the course & scope of his employment and/or agency for the College and for the benefit of the College.

15.    Defendant Joseph Pugal, at all times relevant herein, was/is an employee of Defendant STLCC. Alternatively, Defendant Joseph Pugal was as agent of Defendant STLCC, acting within the course & scope of his employment and/or agency for the College and for the benefit of the College.

16.    The College, as well as employees and/or agents of the College, Pugal and Coughlan, are bound by the laws of the United States, laws of the state of Missouri, and the legally compliant policies, procedures, rules, and regulations applicable to

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

STLCC regarding disability accommodations, non-discrimination, and non-retaliation.

17.   Plaintiff enrolled in classes during the Fall 2023 semester at STLCC where she interacted with Defendants Coughran and Pugal in a student-instructor relationship.

18.   Plaintiff enrolled in classes for the Spring 2024 semester and was enrolled in classes under the instruction of both Defendants Coughran and Pugal.

19.   Plaintiff was subject to adverse actions at the hands of the Defendants by way of their discriminatory and retaliatory behavior.

20.   On or about February 14, 2024, Defendant Joseph Pugal, unlawfully and in violation of confidentiality and breach of Plaintiff's privacy, disclosed Plaintiff's testing accommodations to a classroom of students when asking Plaintiff whether she was planning to take a test with the rest of the class or in the "Testing Center."

   a.   On or about February 21, 2024, Plaintiff advised her student advocate of this unlawful violation of confidentiality and breach of her privacy by Defendant publicly disclosing an approved medical accommodation. She received no effective aid, assistance, or resolution from her student advocate.

21.   Following this incident, Plaintiff's student advocate initiated a meeting with the Plaintiff and the program's director, Defendant David Coughran, to occur on or about February 27, 2024, in order for Plaintiff to have a dedicated time to voice her concerns.

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

22.    On or about February 26, 2024, Plaintiff was informed the day before the planned meeting **that Joseph Pugal would be present after he was invited to the meeting by Defendant David Coughran** without the knowledge or consent of the Plaintiff.

23.    On or about February 27, 2024, Defendant Joseph Pugal sent an email to Plaintiff, which included a list of the classes and quizzes he believed were needed to be made up, including reference to a class that Plaintiff Rodgers was not even enrolled in. (*See February 27, 2024 email attached hereto as Exhibit A*).

24.    **In communication with Plaintiff about making up assignments missed while Plaintiff was on medical leave, Defendant Coughran insisted that further documentation by a doctor be provided in the case that Plaintiff missed an exam or quiz.**

25.    **Further, Defendant Coughran informed Plaintiff that all quizzes, exams, or assignments that she missed due to a medical leave would need to be made up within 24 hours of their scheduled completion date, regardless of whether she had returned from medical leave within that timeframe.**

26.    On or about March 5, 2024, Defendant Coughran sent an email to Plaintiff stating that her accommodations and medical extensions were, "…now becoming a burden on the program itself." (*See March 5, 2024 email attached hereto as Exhibit B*).

27.    **After communicating with her student advocate, Plaintiff was supposed to attend a meeting with the president of the Defendant College. However, this meeting never occurred as Plaintiff was told that she would not be able to attend with her legal counsel or other personal support present.**

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

28. **After Plaintiff reported these alleged violations to staff at the Defendant College, Defendants Pugal and Coughran did not have any further contact with the plaintiff and did not attempt to help her complete the program requirements in order to maintain Plaintiff's projected graduation date.**

29. Plaintiff's disabilities were a motivating factor for the adverse actions taken against her by the Defendants.

### *Count I – Disability Discrimination Under the MHRA Against STLCC, David Coughran, and Jospeh Pugal*

For Count I of Plaintiff's cause of action against all Defendants, Plaintiff states as follows:

30. Rodgers alleges and incorporates by reference as if fully set forth herein all preceding paragraphs of her Petition.

31. Rodgers was discriminated against on the basis of disability and the coinciding reasonable and necessary accommodations she was entitled to when she disclosed her diagnoses to STLCC for purposes of obtaining these reasonable, necessary and equitable accommodations.

32. Defendant STLCC agreed to Plaintiff's requested accommodations and found them to be reasonable and necessary and equitable.

33. Alternatively, but without wavier of the foregoing, upon information and belief, Rodgers was treated differently and less favorably than other students of the College who were not under disability accommodations and who were unaffected when Defendants took this illegal action.

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

34.   Plaintiff Rodgers' disabilities, as set forth herein above, were a contributory factor in the discrimination that Plaintiff Rodgers was subjected to as described herein above.

35.   The acts and/or omissions complained of herein were in violation of Rodgers's rights secured by §213.010 *et seq.* R.S.Mo

36.   As a direct and proximate result of the outrageous actions of the Defendants described above, Rodgers has suffered and will continue to suffer lost tuition, school costs and expenses, and other benefits including maintaining her planned timeline for graduation from the program and entering the work force in her desired field of employment.

37.   As a direct and proximate result of the acts of the Defendants alleged herein, Rodgers has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress as well as loss of wages from the job market and employment opportunities.

38.   As a direct and proximate result of the conduct of the Defendants alleged herein, Rodgers has incurred attorney's fees in her effort to put an end to the discrimination and receive the benefit of her bargain from Defendants.

39.   Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others, making an award of punitive damages against them jointly and severally appropriate in this case.

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

WHEREFORE, Plaintiff Chasity Rodgers prays this Court enter judgment in her favor and against the Defendants and thereafter order Defendants to make her whole by awarding: damages against all Defendants for her lost tuition, school costs and expenses, lost employment opportunities, and wages and benefits of employment at least in the excess of $25,000.00, the jurisdictional minimum of this Court; damages for Rodgers' emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; damages for attorney's fees incurred in her effort to put an end to this illegal discrimination; punitive damages against the Defendants in such sums as will serve to punish and deter them and others from like conduct in the future; Rodgers' costs in this action, together with her reasonable attorneys' fees; and such other and further relief as may appear to the Court to be equitable and just under the circumstances.

### Count II- Retaliation Claim Under the MHRA

For Count II of Plaintiff's cause of action against all Defendants, Plaintiff states as follows:

40.    Rodgers alleges and incorporates by reference as if fully set forth herein all preceding paragraphs of her Petition.

41.    As set forth above, Rodgers was retaliated against when she was refused a timely return of her previous graded assignments and denied the opportunity to readjust her testing schedule to account for such a retaliatory practice, to which she is entitled, after complaining of the discrimination to school officials, after opposing practices

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

prohibited by the Missouri Human Rights Acts when she previously filed Charges of Discrimination with the MCHR.

42. The acts and/or omissions complained of herein were in violation of Rodgers' rights secured by §213.010 et seq. R.S.Mo., and more specifically, § 213.070 R.S.Mo.

43. Rodgers' protected status and activity were a contributory factor in the adverse actions taken against her by Defendants as described above.

44. As a direct and proximate result of the acts of the Defendants alleged herein, Rogers has suffered and will continue to suffer lost wages, tuition, and other benefits.

45. As a direct and proximate result of the outrageous actions of the Defendants described above, Rodgers has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

46. As a direct and proximate result of the conduct of the Defendants alleged herein, Rodgers has incurred attorney's fees in her effort to put an end to the retaliation and receive the benefit of her bargain from Defendants.

47. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others, making an award of punitive damages against them jointly and severally appropriate in this case.

WHEREFORE, Plaintiff Chasity Rodgers prays this Court enter judgment in her favor and against the Defendants and thereafter order Defendants to make her whole by awarding: damages against all Defendants for her lost wages and benefits of employment in the amount of an excess of at least $25,000.00, the jurisdictional minimum of this Court;

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

damages for Rodgers' emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; damages for attorney's fees incurred in her effort to put an end to this illegal discrimination; punitive damages against the Defendants in such sums as will serve to punish and deter them and others from like conduct in the future; Rodgers' costs in this action, together with her reasonable attorneys' fees; and such other and further relief as may appear to the Court to be equitable and just under the circumstances.

### Count III – Disability Discrimination Under the ADA Title II

For Count III of Plaintiff's cause of action against all Defendants, Plaintiff states as follows:

48.     Rodgers alleges and incorporates by reference as if fully set forth herein all preceding paragraphs of her Petition.

49.     The Americans with Disability Act (ADA) grants individuals with disabilities a multitude of protections against unlawful discrimination relating to their status as an individual with a disability and ensures that reasonable and equitable accommodations are made for such individuals by those who are subject to the provisions of the Act.

50.     Defendant STLCC, by granting Plaintiff's requests for certain specified accommodations, acknowledged and agreed that said requests and accommodation were reasonable, necessary, and equitable.

51.     Plaintiff is a qualified individual with a disability, that being anxiety, panic attacks, major depression and ADHD. As recognized by STLCC, Plaintiff was and is

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

entitled to certain accommodations that were granted to her after STLCC was initially notified of her diagnoses.

52.  Defendants are subject to the responsibilities and obligations that are duties and requirements set forth by and under the ADA.

53.  Plaintiff was denied the proper services, programs, assistance, and learning experience because of her disability and the Defendants' violations of her rights and protections under the ADA.

54.  Rodger's disabilities were a contributory factor in the discrimination that Rodgers was subjected to as described above.

55.  The acts and/or omissions complained of herein were in violation of Rodgers's rights secured by Title 2 of The Americans with Disabilities Act.

56.  As a direct and proximate result of the outrageous actions of the Defendants described above, Rodgers has suffered and will continue to suffer lost tuition, school costs and expenses, and other benefits including maintaining her planned timeline for graduation from the program.

57.  As a direct and proximate result of the acts of the Defendants alleged herein, Rodgers has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress as well as loss of wages from the job market and employment opportunities.

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

58.    As a direct and proximate result of the conduct of the Defendants alleged herein, Rodgers has incurred attorney's fees in her effort to put an end to the discrimination and receive the benefit of her bargain from Defendants.

59.    Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others, making an award of punitive damages against them jointly and severally appropriate in this case.

WHEREFORE, Plaintiff Chasity Rodgers prays this Court enter judgment in her favor and against the Defendants and thereafter order Defendants to make her whole by awarding: damages against all Defendants for her lost wages and benefits of employment in the excess of at least $25,000.00, the jurisdictional minimum of this Court; damages for Rodgers' emotional injuries, including but not limited to her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress; damages for attorney's fees incurred in her effort to put an end to this illegal discrimination; punitive damages against the Defendants in such sums as will serve to punish and deter them and others from like conduct in the future; Rodgers' costs in this action, together with her reasonable attorneys' fees; and such other and further relief as may appear to the Court to be equitable and just under the circumstances.

Electronically Filed - CITY OF ST. LOUIS - December 10, 2024 - 03:01 PM

Respectfully submitted,

/s/ Steven J. Hughes
Steven J. Hughes   ##38968
Claire L. Hughes   #75613
Attorneys for Defendant
HUGHES LAWYERS, LLC
PO Box 3718
Ballwin, Missouri 63022-3718
(314) 328-5770
Email:  steve@hugheslawyersllc.com
Email: claire@hugheslawyersllc.com