UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHASITY RODGERS, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:25-CV-00024-NCC |
| ST. LOUIS COMMUNITY COLLEGE, | ) |
| DAVID COUGHRAN, and | ) |
| JOSEPH PUGAL, | ) |
| | ) |
| Defendant(s). | ) |

**CASE MANAGEMENT ORDER – TRACK 2: STANDARD**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, and the Rule 16 Conference held on **February 18, 2025**,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

    **I.**    **SCHEDULING PLAN**

    1.    This case has been assigned to Track 2 (Standard).

    2.    All motions for joinder of additional parties and amendment of pleadings shall be filed no later than **April 1, 2025**.

    3.    Disclosure shall proceed in the following manner:

    (a)    The parties shall make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than **March 15, 2025**.

    (b)    Plaintiff(s) shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **July 1, 2025**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **August 1, 2025**.

    (c) Defendant(s) shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **September 1, 2025**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **October 1, 2025**.

    (d) The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), F ed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.

    (e) Any request for a physical or mental examination of parties pursuant to Rule 35, Fed. R. Civ. P., shall be made on or before **November 1, 2025**, and any such examination shall be completed on or before **December 1, 2025**.

    (f) This action may be set for a **Case Status Conference** in chambers or by Zoom before the undersigned at or near the close of discovery.

    (g) The parties shall complete all discovery in this case no later than **January 15, 2026**.

    (h) Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than ten (10) days following the discovery deadline set out above.  If the parties have met and conferred in accordance with the Local Rules and the Federal Rules of Civil Procedure, and still anticipate the filing of a motion to compel, the parties shall together contact chambers by phone to seek an informal resolution prior to filing a motion.  If a motion to compel is filed, the opposing party shall file the response no later than seven (7) days after service of the motion.

  4. This case shall be referred to alternative dispute resolution on **April 17, 2025**, and that reference shall terminate on **June 1, 2025**.

  5. Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or, if applicable, any motion to exclude testimony pursuant *to Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) or *Kuhmo Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), must be filed no later than **February 1, 2026**.  Opposition briefs shall be filed no later than **28** days after service of the motion, and any reply brief may be filed no later than **14** days after service of the opposition briefs.

  6. A final pre-trial conference is set for **Thursday, August 20, 2026, at 1:30 PM**.  This action may be set for an additional pre-trial conference prior to the final pre-trial conference.

  II.  **ORDER RELATING TO TRIAL**

  This action is set for a **JURY TRIAL** on **Monday, August 24, 2026, at 9:00 AM,** before the undersigned United States Magistrate Judge.  The trial is scheduled to last **4** days.

**Rule 8.04 (FRCP 41, 54) Assessment of Jury Costs:**

If a civil action scheduled to commence trial by jury is to be settled or voluntarily dismissed, the parties shall notify the judge and the Clerk immediately.  If due to the parties' failure to give such notice prospective jurors report to the Court for service in the case, the judge may assess the costs of the panel, including per diem, parking charges and mileage reimbursement against any or all of the parties.  A judge may assess jury costs against a party or attorney who is responsible for a mistrial.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **Stipulation**:  Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses**:

    (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits**:

    (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

    (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11)or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

    (c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing **at least ten (10) days prior to trial** may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions**:

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers or counter-numbers in the event of a video-taped deposition), and answers to requests for admissions proposed to be offered in evidence.  **At least ten (10) days before trial**, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

5. **Jury Instructions**: File written requests for instructions and forms of verdicts on or before **August 6, 2026**.  (The instructions shall consist of two sets of full and complete trial instructions.  One set shall include at least one (1) pertinent citation for each requested instruction; the other set shall not include any citation or indicate which party has submitted it).  Any objections or requests for additional or modified instructions in light of the opposing party's requests for instructions shall be filed on or before **August 10, 2026.  The parties must be prepared to address jury instructions at the final pretrial conference**.

6. **Findings of Fact, Conclusions of Law and Trial Brief**: Submit to the Court and to opposing counsel full, complete, and specific findings of fact and conclusions of law, together with a trial brief, citing authorities, in support of said party's legal theories and discussing any anticipated substantive or procedural problems, on or before **August 6, 2026**.

7. **Motions In Limine**: File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, on or before **August 6, 2026**.  If a motion in limine is filed, the opposing party must file a response on or before **August 10, 2026**.

Finally, the parties are advised to review and comply with the undersigned's requirements, available at https://www.moed.uscourts.gov/judge/noelle-c-collins.  **Failure to comply with any part of this order may result in the imposition of sanctions.**

HON. NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of February, 2025.