UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHASITY RODGERS, | |
| Plaintiff, | Case No. 4:25-cv-00024 |
| v. | (Removed from the Circuit Court of The City of St. Louis County, Missouri, Case No. 2422-CC11697) |
| ST. LOUIS COMMUNITY COLLEGE, et al. | |
| Defendants. | **Jury Trial Demanded** |

# DEFENDANTS DAVID COUGHRAN AND JOSEPH PUGEL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW Defendants David Coughran ("Coughran") and Joseph Pugel (incorrectly spelled "Pugal" in Amended Complaint) ("Pugel") (collectively "Defendants"), by and through undersigned counsel, and for their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and state as follows:

1. Plaintiff Chasity Rodgers' ("Plaintiff") Amended Complaint stems from her time as a college student while enrolled at Defendant St. Louis Community College ("STLCC") during the academic years of 2022 to 2024. (Doc. 23, p. 2, ¶¶ 8-9).

2. Plaintiff's state law claims in her Amended Complaint seem to allege that she was subjected to unlawful discrimination and retaliation in a place of public accommodation due to her disability in violation of the Missouri Human Rights Act (MHRA) and RSMo. §§ 213.065 and 213.070. (Doc. 23, pp. 6-9, Counts I-II).

3. Plaintiff's federal claims allege she was subjected to unlawful discrimination due to her disability in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. (Doc. 23, pp. 9-11, Count III). Not only does Plaintiff bring both her state and federal

claims against STLCC, a public college, she brings these claims against Defendants Pugel and Coughran in their individual capacities as her professors at STLCC.

4. This matter was originally filed in the City of St. Louis Circuit Court, 22nd Judicial Circuit of Missouri's state court, and Defendants timely removed to this federal court on or about January 8, 2025.

5. First, these individual Defendants should be dismissed from Count III of Plaintiff's Amended Complaint as a matter of law because individuals may not be sued in their individual capacities directly under the provisions of Title II of the ADA. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 9 (8th Cir. 1999).

6. Second, Plaintiff's state law claims in Counts I and II must be dismissed as Plaintiff failed to exhaust her administrative remedies in filing an administrative complaint against the individual Defendants with the Missouri Commission on Human Rights ("MCHR") in violation of the MHRA. MO. REV. STAT. § 213.075.1. Instead, Plaintiff only filed her administrative complaint against STLCC as the sole respondent to such proceedings and no notice was given to these individual Defendants. (Doc. 23-3, pp. 1-9).

7. In addition, Plaintiff received the mandatory right to sue letter from the MCHR to file suit within ninety (90) days of the same against STLCC, only, not these individual Defendants. (Doc. 24-4, pp.1-2). Likewise, no right to sue letter has been issued to Plaintiff prior to bringing this lawsuit against these individual Defendants in violation of the MHRA. MO. REV. STAT. § 213.111.1

8. Third, and even if this Court finds that Plaintiff did exhaust her administrative remedies at issue in paragraphs 6-7 above, Plaintiff's state law claims of unlawful retaliation in Count II of her Amended Complaint in violation of RSMo. § 213.070 must be dismissed against

these individual Defendants because unlawful retaliation claims under the MHRA cannot be brought against individuals.  MO. REV. STAT. § 213.070.1(2); *C.M.B. by Burch v. Odessa R-VII Sch. Dist. Bd. of Educ.*, No. 17-01075-CV-W-GAF, 2019 WL 13298894, at *8 (W.D. Mo. Mar. 21, 2019).

9. The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).  "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.,* 524 F.3d 866, 870 (8th Cir. 2008).

10. Defendants incorporate their arguments in their Memorandum of Law in Support of their Motion to Dismiss Plaintiff's First Amended Complaint filed concurrently herewith.

WHEREFORE, Defendants David Coughran and Joseph Pugel respectfully request that this Court grant their Motion to Dismiss, thereby dismissing Plaintiff's Amended Complaint in its entirety against Defendants, and for any other and further relief that this Court deems just and proper.

REICHARDT NOCE & YOUNG LLC

By: /s/ Kyle C. Westbrook
TIMOTHY J. REICHARDT        #57684MO
tjr@rnylaw.com
KYLE C. WESTBROOK           #66324MO
kcw@rnylaw.com
12444 Powerscourt Drive, Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile
*Attorneys for Defendants David Coughran, and Joseph Pugel*

3

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of February, 2025, I electronically filed the foregoing via the Court's ECF electronic filing system, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

                                            */s/ Kyle C. Westbrook*